FILED
U.S. DISTRICT COURT
...DIV.
2012 MAY 29 PM 1:23
CLERK C. R_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Plaintiff,

v.

MARTIN H. EAVES,

    Defendant.

CIVIL ACTION NO.: CV512-024

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correction Institution in Bastrop, Texas, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Williams v. McQuaig, CV503-18 (S.D. Ga. Apr. 8, 2003) (dismissed for failure to state a claim); Williams v. Pittman, CV504-39 (S.D. Ga. Aug. 19, 2004) (dismissed for failure to state a claim); and Williams v. Fiveash, CV507-25 (S.D. Ga. July 6, 2007) (dismissed for failure to state a claim).[1]

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

---

[1] Plaintiff, as one of the most persistent litigants in this Court, has accumulated far more than the three (3) strikes necessary under § 1915(g).

AO 72A
(Rev. 8/82)

Plaintiff asserts that Defendant Eaves, his attorney during the state criminal prosecution, allowed him to be tried without being indicted. Plaintiff also asserts that Defendant Eaves filed a motion for permanent injunction in the state court, and Plaintiff was not afforded a hearing on this motion.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on April 3, 2012, or at any other time. Accordingly, the Court **VACATES** its April 20, 2012, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)